IN THE FEDERAL DISTRICT COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Amy Liew<br>1516 28th Street NW<br>Washington, DC 20007<br><br>v.<br><br>District of Columbia<br>A municipal corporation<br>441 4th Street, NW,<br>Washington, DC 20001 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, the plaintiff by and through Clarissa T. Edwards and the Law Office of C. Thomas, Chartered, hereby files the complaint as follows:

1. Jurisdiction is based on Title VII of the Civil Rights Act of 1964, Section 102, 103 of Title VII of the Civil Rights Act of 1991.

2. The Plaintiff is an adult resident of the District of Columbia and has been at all times relevant hereto.

3. The Defendant is doing business in the District of Columbia as the District of Columbia Department of Motor Vehicles and has been at all times relevant thereto. The defendant has over 101-200 employees in their organization and is the agent for the District of Columbia.

4. That the plaintiff is a young Asian female who was hired by the Defendant as a legal instrument examiner on April 7, 2014. Her duties consist of providing services related to ID/driver's license, vehicle titling and registration, applying agency's regulations and procedures to situations, examining official documents, and completing other duties and assignments given. Her probationary period for this position ended on February 6, 2015.

Her salary was $36,000 per year. The plaintiff had interned with this agency for two years and received nothing but outstanding reviews from the defendant.

5. The plaintiff's immediate supervisors are Cheryl Diggs and Rakonda Delaney, African American females. Cheryl Diggs is the lead supervisor and Rakonda Delaney is the service center manager. The defendant's staff consists of primarily African Americans. The plaintiff is the only Asian employee in this department, and the youngest permanent employee.

6. The plaintiff supervisors never complained about her work ethics or work performance.

7. The plaintiff was told by supervisors that she's a fast-paced and hard worker, and the plaintiff would always volunteer to work overtime to complete the agency's projects and assignments.

8. On November 14, 2014, the plaintiff was in the employee's breakroom. Thomas Gaymon, who is the plaintiff's coworker was also in the breakroom. Mr. Gaymon began to make fun of the plaintiff to other coworkers. In fact, he kept making reference to the plaintiff being Asian and made negative comments about her race and national origin. The plaintiff professionally and calmly confronted Mr. Gaymon. He continued to racially harass and also threatened her. He specifically indicated that he was going to beat her up at the facility's parking lot after work. Mr. Gaymon who is an African American male also told the plaintiff that he would punch her in the face. However, threatening an employee and making racial comments about another employee are against the defendant's policies, illegal and is grounds for termination.

9. The plaintiff was fearful of Mr. Gaymon and thus she left the breakroom immediately. Thereafter, she hurriedly reported to the agency's human resource department on the

Case 1:15-cv-01577-TSC   Document 1   Filed 09/28/15   Page 3 of 5

third floor of the workplace about Mr. Gaymon's conduct. Both of the plaintiff's lead supervisors are African American, who were acting within the scope of their employment at all times relevant thereto.

10. The plaintiff's supervisors, human resource specialists, and agency director did nothing to handle the situation as the following day; Mr. Gaymon was allowed to return to work in the same area in close proximity to the plaintiff. The plaintiff suffices to say was devastated and fearful the whole day that Mr. Gaymon would approach her at work.

11. The plaintiff continued to speak to the superiors about her being fearful of Mr. Gaymon and requesting that something be done to address her concern. Nothing was done.

12. After nothing was done, the plaintiff spoke again to the agency's director, Lucinda Babers who moved Mr. Gaymon to a different branch but he was not terminated or otherwise reprimanded for his behavior. It is believed that Mr. Gaymon is close friends with supervisors Rakonda Delaney and Cheryl Diggs. Subsequent to the plaintiff speaking to her supervisors' superiors, Rakonda Delaney and Cheryl Diggs treated her differently. For example, they targeted her arrival time every morning to work and reported her for AWOL for being a few seconds late to work, while not giving the same treatment to other employees. They reported the plaintiff for AWOL for tardiness even when the plaintiff called and confirmed ahead of time with the supervisors. The supervisors talked down to her with a rude and childish attitude by the way they spoke to her. At one point during the employment period, supervisor Cheryl Diggs directed the plaintiff to dispose of some customer's official documents that the agency keeps on file. Such actions may lead to employee suspension and or termination as the supervisor

should already know. The plaintiff asked manager Rakonda Delaney if such action was appropriate and was told it was wrongful of supervisor Cheryl Diggs to give such orders.

13. On February 6, 2015, the plaintiff was fired. The plaintiff inquired as to why she was being terminated but she was not given any reason for the same. The plaintiff had never been written up for appropriate reasons, reprimanded or suspended about any conduct that would warrant termination.

14. The plaintiff complained to John Fanning from DC Mayor's Office and David Do, executive director of Asian and Pacific Islander Affairs, about the illegal conduct by the defendant. On March 16, 2015, the plaintiff filed the instant complaint with the EEOC. On June 29, 2015, the plaintiff received her rights to sue letter (see attached).

15. The plaintiff is currently taking antidepressants medication due to the stress caused by the incident with Mr. Gaymon and employment termination by defendant. The plaintiff is also seeking professional consultant for depression.

16. According to 11 U.S. 792, 802, the plaintiff was a member of a protected class because she is a Asian female, who was qualified to do a job but was terminated because she is Asian and she complained about the conduct of a African American male to an African American female and treated differently because of the same. The defendant had no legal or business reason to terminate the plaintiff. The plaintiff was terminated subsequent to complaining about illegal behavior by an African American male.

17. That pursuant to D.C. Code § 2-1402.61, "it shall be an unlawful discriminatory practice to . . . retaliate against, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected under this chapter."

Wherefore the plaintiff prays for the following relief:

Judgment in the amount of $ten million dollars, plus cost and attorney fees; and any and all other relief that this Court deems just and fair.

**Respectfully Submitted,**

/s/ Clarissa T. Edwards
Clarissa T. Edwards # 434607
Law Office C. Thomas, Chartered
2402 L'Enfant Square SE
Washington, DC 20020
Office: 202-546-0638

### Verification

I, Amy Liew hereby verify under the penalty of perjury that this information is true and accurate to the best of my recollection and belief.

_____
Amy Liew

Subscribed and sworn before me this 25th day of September 2015

_____
Notary

My Commission expires on 02/29/20.

District of Columbia: SS
Subscribed and Sworn to before me this 25 day of September, 2015
_____
Notary Public, D.C.
My commission expires 02/29/20.